UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BOBBY J. FULTON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1269 (ABJ) |
| | ) | |
| SHIVA V. HODGES *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In this action filed *pro se* in the Superior Court of the District of Columbia, plaintiff sues the United States District Court for the District of South Carolina, as well as a District Judge and a Magistrate Judge of that court for "fraud upon the courts[.]" Compl. [Dkt. # 1-1 at 1, 3]. Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1442(a)(1), 1446 and 2679(d). *See* Not. of Removal [Dkt. #1]. The United States has now moved to dismiss the complaint on several grounds, including lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1] *See* Mot. to Dismiss [Dkt. # 7] (asserting defenses 1, 2, 3, 5 and 6 of Federal Rule of Civil Procedure 12(b)). Plaintiff has filed an opposition [Dkt. # 9] and a motion that seeks to remand the case to Superior Court. *See* Mot. to Transfer [Dkt. # 10]. The Court agrees that sovereign immunity bars plaintiff's claims, *see* Defs.' Mem. at 6-8, but also finds the

---

[1] The appropriate designee has certified pursuant to 28 U.S.C. § 2679(d) that each named defendant "was acting within the scope of her employment as an officer of the United States District Court at the time of the alleged incidents." Certification [Dkt. ## 1-2, 1-3]. Accordingly, this action is "deemed to be . . . brought against the United States . . . and the United States [is] substituted as the party defendant." 28 U.S.C. § 2679(d)(2).

1

claims to be "patently insubstantial." *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). So, for the reasons explained more fully below, the Court will grant the United States' motion on jurisdictional grounds, deny plaintiff's motion as moot, and dismiss this case.

## BACKGROUND

Plaintiff alleges that the named defendants "presided over his civil actions against . . . Sheriff officials in Williamsburg County, South Carolina." Compl. at 2. He takes issue with the Magistrate Judge's "ruling and recommendation in favor of defendant Sheriff officials [on] summary judgment" and accuses "both judges . . . and the district court" of colluding with "the defendant Sheriff officials[.]" *Id*. Plaintiff "prays for permanent injunction and termination of each defendant," and monetary damages of $10 million from each defendant "paid in gold bullions." *Id*. at 3.

## ANALYSIS

Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act provides a limited waiver of immunity from suit "for money damages . . . for personal injury . . . caused by the negligent . . . act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). The waiver covers only those "circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id*. (emphasis added). Since judges are public officers, the United States enjoys full immunity from this lawsuit.

Even if the lawsuit originated in this court, it could not survive jurisdictional scrutiny. The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citations and internal quotation marks omitted)). In other words, a complaint may "be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." *Tooley*, 586 F.3d at 1009 (citation and internal quotation marks omitted).

A complaint "is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (per curiam) (citations omitted). Judges "enjoy absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity, unless [the] actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam) (citation omitted). Such "immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). It is without question that the challenged actions fall within defendants' judicial functions and jurisdiction, thereby rendering plaintiff's claims "patently frivolous." *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 Fed. App'x 1 (D.C. Cir. 2011); *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C.), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994) ("By filing a complaint in this Court against federal judges who have done nothing more than their duty . . . , Fleming has instituted a meritless action.").

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss for want of jurisdiction will be granted and plaintiff's motion to transfer will be denied as moot. Because the Court can discern no "allegation of other facts" that could possibly overcome the jurisdictional defects, it will dismiss this action with prejudice. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citations and internal quotation marks omitted). An order will issue separately.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: August 20, 2018